■ THE McGRAW-HILL COMPANIES, INC., et al., Appellants, v SCHOOL SPECIALTY, INC., et al., Respondents. [840 NYS2d 47]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered January 4, 2006, which denied plaintiffs' motion for summary judgment, granted defendants' cross motion for summary judgment dismissing the complaint and awarding declaratory relief on the latter's counterclaim for alternate dispute resolution (ADR), unanimously affirmed, without costs.

Plaintiffs entered into a stock and asset purchase agreement for the sale of a juvenile education publishing business to defendants, at a price of $46.6 million, subject to postclosing adjustments. Plaintiffs were to deliver a final balance sheet at closing, showing the final net asset value of the business; defendants would thereupon have 45 days to dispute any amounts by furnishing plaintiffs with a written notice of objection. In the event the parties were unable to settle their differences, issues in dispute would be referred to ADR.

After closing, plaintiffs prepared a final balance sheet purportedly reflecting the value of the business as of that date, but defendants disputed some of the amounts and presented plaintiffs with a timely objection notice. When the parties were unable to resolve their differences, defendants invoked the ADR provision, and plaintiffs responded by commencing the action herein, seeking a declaratory judgment that would preclude the arbiter from reviewing its accounting methodology and practices.

A clear and complete agreement in writing should be enforced according to its terms (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 162 [1990]). Here, the ADR clause (§ 2.6 [b] [v]) afforded the purchaser 45 days "to dispute any amounts contained" in the final net asset value. Since defendants made a timely objection to eight of those amounts set forth in the final balance sheet, they are clearly entitled to invoke the arbitration section of the agreement. Plaintiffs are misguided in asserting that an action for "indemnification" is the exclusive remedy, citing section 10.7, which refers to claims for damages under the agreement.

Contrary to plaintiffs' argument, defendants' objection notice does not propose to revisit the accounting methods used in preparing the reference or estimated balance sheets. Nor does *Matter of Westmoreland Coal Co. v Entech, Inc.* (100 NY2d 352 [2003]) hold, as plaintiffs urge, that arbitration of disputes arising out of purchase price adjustments is categorically precluded irrespective of the terms of the agreement in question. Rather, the *Westmoreland* court merely construed the agreement before it and did not prohibit sophisticated business parties from agreeing to varying means of resolving disputes over adjustments to purchase price. Concur—Mazzarelli, J.P., Andrias, Sullivan, McGuire and Malone, JJ. [*See* 10 Misc 3d 1066(A), 2006 NY Slip Op 50000(U).]